# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

# COMPLAINT FORM

United States District Court

FILED

_Roberta D. Tabora, Clerk_

1/29/20 15

By_____

Deputy Clerk

Joan Kloth-Zanard

Plaintiff 1

&

Christopher Zanard

Plaintiff 2

Case No. _3:15-CV-124 MPS_

v.

Department of Social Services

Defendant 1

&

Department of Children and Family Services

Defendant 2

## A. PARTIES

Plaintiff 1, Joan Kloth-Zanard, & Plaintiff 2, Christopher Zanard, are citizens of

Connecticut, who presently reside at 320 North George's Hill Road, Southbury,

CT 06488

Defendant 1, Department of Social Services, is a state agency of Connecticut

whose address is 25 Sigourney Street, Hartford, CT 06106-5033

Defendant 2, Department of Children and Family Services, is a state agency of
Connecticut whose address is 75 West Street, Danbury, CT 06810.
Attorney for the Defendant's, is Assistant Attorney General, Phillip Dukes,
located at 55 Elm Street, Hartford, CT 06141-0210.

## B. JURISDICTION

The jurisdiction of this court is invoked pursuant to: Fed. R. Civ. P. 8(a)(1)., 28
U.S.C. § 1341, 1342, 42 U.S. Code § 1983,28 U.S. Code §1331,28 U.S. Code §
1332

## C. NATURE OF THE CASE

The Department of Social Services (DSS) and the Department of Children and
Family Services violated the plaintiffs' constitutional rights.  Plaintiff 1, Joan
Kloth-Zanard, was unaware of her rights and the laws related to DSS's violation
of her educational rights in 1995 until 2012. Plaintiff A, Joan Kloth-Zanard, was
denied her educational rights under the Welfare Reform Act and Jobs First and
Education for Domestic Violence Victims as well as in relation to Welfare Reform
and House Bill No. 8003.

At the same time in 2012, Plaintiffs, Joan Kloth-Zanard and Christopher Zanard,
became aware of the false placement of their names on the Abuse and Neglect
Registry by DCF in 1997 despite no substantiated charges.  In fact, DCF clearly
states in their records that the case was closed and unsubstantiated.  Yet, it

2

appears of retaliation for being severely reprimanded by the judge, DCF placed the Plaintiff's on the Abuse and Neglect registry falsely, causing irreparable financial and emotional damages.  Plaintiffs had spent the past 15 years not understanding why they could not be gainfully employed because they had no idea that their background check was fraudulent and damaging their ability to become and remain self-sufficient.  DCF slander and defamation of the plaintiffs by filing false allegations and placing them on the Abuse and Neglect Registry was willful and done with the purpose and intent of doing permanent harm to the Plaintiffs.

In about April 2012, the plaintiff filed a request with the Claims Commissioner asking for permission to sue DSS and DCF.  The claims commissioner waived the $50 filing fee.  Assistant Attorney General (AAG) Dukes responded to the complaint in May 2013, a full year out of time limit.  In the meantime, the Claims Commissioner has failed to respond further to this lawsuit request in a timely manner.  According to General Statute Chapter 53, the Claims Commissioner has only 90 days within which to respond.  It has been well over the 90 days, in fact, it is going on almost 3 years since Plaintiff's initial filing.  Plaintiff has requested several times as to the status of her cases and each time been told that it is sitting on the claims commissioner's desk.  Chapter 53 offers no remedies for failure of the Claims Commissioner to respond in a timely manner.  Thus Plaintiffs are left with no other recourse but to file outside of the Claims Commissioner's jurisdiction.

Statute of Limitations permits the filing of this case as Plaintiff's did not know about any of these situations until 2012. This includes the Statutes pertaining to Welfare Reform in 1995, rights to an education as a victim of Domestic Violence, and the placement of the Plaintiff's on the Abuse and Neglect Registry falsely. The law states that Plaintiffs has 3 years from the date that they find out of the violation to file. "In cases where a cause of action has been fraudulently concealed, the statute of limitations is tolled until the action is, or could have been, discovered through the exercise of due diligence." DSS withheld pertinent information on purpose about Welfare Reform information that was not readily available in 1995-1998. In addition, lack of access to the internet for this information during those years, would have required documentation to be disclosed manually to the plaintiff, which it was not. Additionally, DSS was well aware of the issue of education as it stopped her from attending school. Furthermore, they were well aware of the exceptions for Domestic Violence Victims and did not disclose these to the plaintiff either. This information was not readily available as there was no resource other than the DSS offices to obtain such laws and rules about Welfare Reform, education and so on.

Additionally, Plaintiff was a victim of DV who had been homeless for 9 months when she moved to CT to finish her education that she was denied. Plaintiff would have clearly been under extreme duress and

4

emotional overload, which DSS ignored and in fact, never even offered her services for. This would be a violation of ADA laws for hidden disabilities. The statute of limitations exception is also true of the False Filing and placement of the Plaintiffs on the Abuse and Neglect Registry. As Plaintiffs were never notified by DCF of this action, they had no way of knowing that this was the cause of their inability to be gainfully employed. There is NO formal way for a person to access this information without specialized permission or a paid background check. The plaintiffs had no reason to believe that they needed to obtain a background check as they had no reason to suspect that they were on the Abuse and Neglect Registry. This was discovered purely by accident in 2012 when Plaintiff 1, Joan Kloth-Zanard apply for a volunteer job and was formally notified of the reason for the denial of her application.

**D. CAUSE OF ACTION**

Plaintiffs allege that the following constitutional rights, privileges, immunities and other rights under a state and federal statute have been violated and that the following facts form the basis of their allegations:

**Claim I:** Plaintiff 1, Kloth-Zanard came to this state a homeless victim of Domestic violence with a Section 8 Housing Voucher. Plaintiff was distressed from the abuse and homeless situation she was in. DSS was made well-aware

5

of this but they insisted she had to divulge the whereabouts of the father, for whom a permanent restraining order existed.  This violated her Domestic Violence rights and Hidden Disability ADA rights.

Plaintiff had come to the state of CT to finish the last 18 months of her education in Physical Therapy at Sacred Heart University.  Plaintiff was enrolled and ready to attend but DSS told her to put her education on hold until September 1995. DSS did this with malice and forethought knowing full well that under the new Welfare to work act, the plaintiff needed to be enrolled by July 1995.  While Plaintiff was enrolled prior to July 1995, and told to put off her education, plaintiff was also a victim of DV and under DSS DV laws was entitled to take longer to attend school if necessary.  Had Plaintiff been allowed to attend College as planned, she had grants, funding, student loans and medical insurance through her school.  Denial of this education put Plaintiff and her family into a downward spiral for the last 20 years of their lives.

Furthermore, Plaintiff did not find out about this Family Violence Act until 2012. At which time, she filed a case with the Claims Commissioner against DSS, which was in a timely manner based on the date she found out about this violation of her rights and the laws.  DSS claims no statute of limitations on their demands for repayment and thus there can be no statute of limitations on the Plaintiff's cause of action that is directly and proportionately related to this demand by DSS.

Assistant Attorney General Phillip Dukes was allowed to respond to Plaintiff complaint out of time limit by almost a full year later with no ramifications. Plaintiff's complaint concerns the state's violation of Welfare to Work and Job's First act, the Domestic Violence Rights and Laws and violation of ADA laws. Due to the State's actions, Plaintiff 1, Kloth-Zanard, was been forced to accept states assistance for medical care, food and energy assistance, but she did not get any cash assistance.  In addition, the states assistance program under Welfare Reform was never properly explained to her nor was it ensured that she was able to understand and comprehend what she was signing when she allowed the state to assist her and her daughter. The fact that she was clearly under duress and emotionally whelmed by her present situation was completely ignored by DSS.  This act is now causing further financial problems with demands of repayment that she had no idea could or would be made of her.  Had she been properly advised and was not forced into a emotionally charged situation by denying her education, for which DSS never provided proper ADA protocol, she would never have agreed to take assistance and would have moved back out of the state to her home state of NJ.

**Supporting Facts:**

Plaintiff has evidence of a restraining order that was presented to DSS in 1995 that DSS ignored.  Plaintiff has school records of her enrollment.  DSS cannot produce any records including signed applications, contracts, cancelled checks, electronic statements or any other viable proof of owing money or contracting to

repay money prior to 2010.  No one even knows whom the Caseworker was back in 1995-1998 ,which is when the state is claiming the repayment time frame is thus there is no direct witnesses to this time period.  States evidence is flimsy at best and violates State and Federal Rules of Evidence and Due Process.

**Claim II:** DCF records and court records show that on November 18, 1997, all charges of supposed neglect against the plaintiff 1, Joan Kloth-Zanard, were dismissed and unsubstantiated.  No charges were ever brought against, Plaintiff 2, Christopher Zanard, for neglect.  Yet, Danbury DCF falsely put the plaintiffs' names on the Abuse and Neglect Registry in 1997 and never notified them of this action.  By law, Plaintiffs had to be officially notified of any placement on the Abuse and Neglect Registry.  No such notification exists even in the plaintiffs DCF files related to this 1997 case.  DCF claims that Plaintiffs had to request to have their names removed.  Plaintiffs could not have possibly ask for this as they had no knowledge of this action placing them on this registry and thus would not have known to demand their names be removed.

In 2012, when Plaintiff's discovered by accident they were on this registry, they immediately demanded a copy of their DCF files.  Plaintiff's files show that there were no substantiated charges and that the case was dismisses.  This same comment about unsubstantiated charges against Plaintiff 1, Kloth-Zanard, is repeated again in plaintiff Kloth-Zanard's file in February 1998, whereby Danbury DCF clearly states that the case is closed and unsubstantiated.  By law, if there

8

are no substantiated charges, Plaintiffs names cannot be placed on the registry and if placed there prior to a court decision, must be removed if unsubstantiated. DCF was well aware that there were no substantiated charges, yet put their names on this registry and left them there even after a court hearing dismissing all charges.

This action caused the plaintiff's to be unable to retain gainful employment. For 15 years or more the plaintiff's could not understand why they were unable to obtain proper employment until Plaintiff Kloth-Zanard applied for a volunteer job with CASA CIP who notified her by mail of the registry issue. This is when the plaintiffs obtained a copy of their DCF files. Plaintiffs immediately demanded the removal of their names from the registry. And while DCF complied with this request, unfortunately, the damages had been done as they had lost 15 primary years of employment and work history as well as forced them onto states assistance because they could not find employment. Being forced onto states assistance has now caused further financial harm with demands of repayment through liens on their marital home and any inheritance. Plaintiffs should not be held to a higher set of standards that were clearly caused on purpose by a state agency or it's employees. DCF's placement of the Plaintiffs names falsely on the Abuse and Neglect Registry was done with forethought and malice with the intention of doing permanent harm to the Plaintiffs as DCF was well aware that there were NO substantiated charges. This is willful defamation and slander of the plaintiffs.

**Supporting Facts:**

DCF records and court records show that on November 18, 1997, all charges of supposed neglect against the plaintiff, Joan Kloth-Zanard were dismissed and unsubstantiated.  No charges were ever brought against, Plaintiff, Christopher Zanard for neglect.  Yet, DCF falsely put the plaintiff's names on the Abuse and Neglect Registry in 1997.  Plaintiff's files show that their were no substantiated charges and that the case was dismissed.  This is repeated again in plaintiff Kloth-Zanard's file in February 1998.  Furthermore, the plaintiff would not have known to have their names removed as they were never formally appraised that their names were put on the registry.  By law, it there are no substantiated charges, their names cannot be placed on the registry.  DCF was well aware that there were no substantiated charges, yet continued to leave their names on this registry.  These actions caused the plaintiff's to be unable retain gainful employment.  For 15 years or more the plaintiff's could not understand why they could not get employment and were constantly turned down till Plaintiff Kloth-Zanard applied for a volunteer job with CASA CIP who notified her by mail of the registry issue.  While the plaintiff's have gotten their names removed, the damages have been done as they have lost primary years of employment and work history as well as forced them onto states assistance.  Being forced onto states assistance has now caused further financial harm as they now have a lien on their marital home and threats of liens on any inheritance and more with demands of repayment.

## E. OTHER LAWSUITS

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action? Yes.

 a. Parties to previous lawsuit:

 Plaintiff(s:  Joan Kloth-Zanard

 Defendant(s:  Department of Social Services

 b. Name and location of court and docket number: Supreme/Appellate Court, 231 Capitol Avenue, Hartford CT 06106, Appellate: A.C. 36729

 c. Disposition of lawsuit:  This case is on Appeal

 d. Issues raised:

DSS claims that the Plaintiff owes cash assistance that she never received and demands of repayment for Medicaid via lien on her home for the time period of February 17, 1995 to October 1, 1998.  DSS cannot produce a copy of the Plaintiff's records prior to 2010.  The state is relying on a "reconstructed spreadsheet" that has no evidentiary backing or witnesses, such as cancelled checks, electronic statements or even the plaintiff's signed contract agreeing to repayment or the names of her caseworkers.  There is no evidence that Plaintiff was properly noticed or mirandized and her ADA rights protected in 1995-1998 either.  This is a violation of due process, rules of evidence, the 4th, 5th, 14th, 15th and 19th amendments.

Plaintiff would never have needed Medicaid and the Appellate case would be non-existent if DSS had not denied Education to Plaintiff Kloth-Zanard

and DCF had not placed Plaintiffs Kloth-Zanard and Zanard on the abuse and neglect registry falsely, causing them to be unemployable. Had Plaintiff Kloth-Zanard not had her education denied, at that time, she had grants, loans, school medical insurance and more to care for her and her daughter. The only thing they had needed at that time would have been food stamps and their Section 8 housing, which she already had. Once Plaintiff Kloth-Zanard was denied her education, she was forced to accept Medicaid to care for her daughter and herself. State cannot claim that they have no statute of limitations on their claims but then hold the Plaintiffs to a higher set of standards claiming there is a statute of limitations on the Plaintiffs' claims related to the same time period and directly related to the states actions. In addition, the Statute of Limitations clearly states that this statute begins at "the time that the person becomes aware of the violation or transgression upon them." Plaintiffs did NOT become aware of the problem and violations of their constitutional rights until 2012 at which time they immediately filed a lawsuit through the Claims Commissioner as prescribed and advised.

e. Approximate date of filing lawsuit: Case began with a DSS Fair Hearing in January 2013, and has progressed from their to the Appellate court.

f. Approximate date of disposition: Case is still on going in the Appellate Court.

2. Plaintiff Kloth-Zanard's has filed one other case in this court against her graduate school who violated and breached their contract to provide a complete

education.  CASE NO. 3:09-cv-00606-JBA.  This case is now in Supreme Court in Washington.  Had Plaintiff Kloth-Zanard been able to obtain her Masters degree as she was supposed to in June 2005, she would have found out even sooner about the False Registration on the Abuse and Neglect Registry as she was going for a Masters In Marriage and Family Therapy.  In 2003, Plaintiff Kloth-Zanard had attempted to go back to college after finishing her BS in 2002, for her masters in Marriage and Family Therapy.  Per the State of CT, Board of Health and Human Services protocol for licensure, a full background check would have been run and the Plaintiff would have known even sooner about this issue. Unfortunately, Plaintiff ended up in a battle with her Graduate school who impeded her ability to obtain a clinical training site and thus complete her degree. Of the 60 credits Plaintiff needed for her degree, she has 57.23 but cannot transfer them as she would loose all of her credits but 9, thus having to start all over and incur more financial hardship in student loans.  Plaintiff presently owes over $64,000 in student loans for the degree she was denied.


**F. REQUEST FOR RELIEF**

WHEREFORE, plaintiffs demands:

      1) $5,000,000 in damages for lost wages.

      2) $5,000,000 for emotional damages.  Plaintiff, Kloth-Zanard is now legally disabled with extreme stress and anxiety from DSS and DCF abuses and violations of her ADA rights and Constitutional Rights.

3) Rescinding of all demands for repayment of supposedly owed monies to DSS for states assistance for the plaintiffs, their children, Jetika Angela Zanard and Eric Zanard, and their children's children or any of the plaintiff's relatives related to this case.

4) A clearing of all charges and demands for repayment such that the existing charges be wiped clear and no future charges allowed by the state for the life of those listed above and in relation to the plaintiffs case.

## G. JURY DEMAND

Plaintiff demands a jury and will NOT agree to any Summary Judgment Demands by the Defendant.  She hereby formally objects to any attempts at a summary judgment by the defendant.

_____

Original signature of attorney (if any)

_____

Printed Name

_____

( )

_____

Plaintiff's Original Signature

Joan Kloth-Zanard

Printed Name

320 North George's Hill Road,

Southbury, CT 06488

(203) 770-0318

YourMom4Ever@aol.com

14

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _320 North Village Hill Southbury CT._ on _1-23-15_ .

              (location)                (date)

_____

Plaintiff's Original Signature

(Rev.9/22/09)

15